UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              Case No. 8:99-cr-182-T-23TGW

ANDREW J. FREUND
_____/

**O R D E R**

Freund petitions for the writ of error coram nobis, moves to withdraw his plea of guilty, and seeks to vacate his conviction and sentence. (Doc. 102) In September, 2000, Freund was convicted of both "using a facility or means of interstate commerce to attempt to entice a person under eighteen years of age to engage in a sexual act" and "possession of child pornography transported in interstate commerce using a computer." Freund was sentenced to thirty months in prison and thirty-six months of supervised release.

"Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a)." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000), *cert. denied*, 531 U.S. 1144 (2001). *See also Moody v. United States*, 874 F.2d 1575, 1576 (11th Cir. 1989) ("In *United States v. Morgan*, 346 U.S. 502, 74 S. Ct. 247, 98 L. Ed. 248 (1954) (5-4 decision), the sharply-divided Supreme Court determined that the broad all-writs section of the judicial code bestows on federal courts the authority to issue writs in the nature of coram nobis."), *cert. denied*, 493 U.S. 1081

(1990). Because he completed all federal supervision in 2006, Freund no longer meets the "in custody" requirement to challenge his conviction in a motion to vacate under 28 U.S.C. § 2255, and because Freund is no longer "in custody," the extraordinary writ of error coram nobis is the proper instrument for challenging his conviction. *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002).

Coram nobis remains an effective remedy for those who have completed their sentence because "the results of the conviction may persist. Subsequent convictions may carry heavier penalties, civil rights may be affected." *United States v. Morgan*, 346 U.S. 502, 512-13 (2002). Nevertheless, "special restraint" is required when reviewing the merits of a petition for the writ of error coram nobis, especially when the conviction is based on a guilty plea. *United States v. Peter*, 310 F.3d at 712. A meritorious petition for the writ of error coram nobis is rare.

> A writ of error coram nobis is "an extraordinary remedy of last resort available only in compelling circumstances where necessary to achieve justice." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The bar for coram nobis relief is high, and the writ may issue only where (1) "there is and was no other available avenue for relief," and (2) "the error involves a matter of fact of the most fundamental character which has not been put in issue or passed upon and which renders the proceeding itself irregular and invalid." *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000). Furthermore, a district court may consider a coram nobis petition only where "the petitioner presents sound reasons for failing to seek relief earlier." *Mills*, 221 F.3d at 1204.

*United States v. Louis*, 463 Fed. App'x 819, 820 (11th Cir. 2012). Freund fails to meet the second part of *Alikhani*'s test, specifically that an error of fact was of the most fundamental character and rendered the proceeding irregular and invalid. A lack of

subject matter jurisdiction is an example of such fundamental error. *See Alikhani*, 200 F.3d at 734 ("A genuine claim that the district court lacked jurisdiction to adjudicate the petitioner guilty may well be a proper ground for coram nobis relief as a matter of law."); *United States v. Peter*, 310 F.3d at 715 ("When a court without jurisdiction convicts and sentences a defendant, the conviction and sentence are void from their inception and remain void long after a defendant has fully suffered their direct force.").

At sentencing, Freund presented Dr. William Ryan and Dr. William Samek as expert witnesses, both of whom testified in mitigation about Freund's mental challenges and his improvement since joining support groups and learning coping skills. Freund alleges that more than ten years after sentencing he learned that Dr. Ryan, during the time that he was assisting Freund's counsel, was sometimes mentally unstable. Freund provides an affidavit (Exhibit C, Doc. 102) from an attorney who occasionally employed Dr. Ryan as an expert. The affidavit asserts that "in the early part of the first decade of 2000[, Dr. Ryan's] personality changed to one of great unpredictability" and that Dr. Ryan "would vacillate from agitated to serene, helpful to combative, and complimentary to confrontational." Freund alleges that his trial counsel rendered ineffective assistance by utilizing Dr. Ryan as an expert witness, who Freund opines was "possibly incompetent at that time." Freund alleges that he "would never have retained [Dr. Ryan's] services had he known that Dr. Ryan could potentially become incompetent during the proceedings."

Throughout his petition for the writ of error coram nobis, Freund asserts that Dr. Ryan was "possibly incompetent at that time," "potentially incompetent," and "may not have been fully competent." Freund never asserts that Dr. Ryan was in fact incompetent or that Dr. Ryan's advice about trial strategy was erroneous. To the contrary, Dr. Ryan's testimony was consistent with the other experts witnesses, both a court-appointed expert witness and additional defense expert witnesses. Freund's sentencing spanned portions of three days. The expert witnesses testified the first day. After counsel presented their sentencing arguments the second day, the proceeding was recessed overnight to consider counsel's arguments and to determine a just sentence.[1]

Freund recognizes that, to prove ineffective assistance of counsel, *Strickland v. Washington*, 466 U.S. 668 (1984), requires that he show that counsel's performance was both deficient and prejudicial. To prove prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Freund asserts that "[i]t is certainly a reasonable probability that Defendant would not have entered his guilty plea had he known that Dr. Ryan was

---

[1] The record discloses the following observation (Doc. 102-5 at 119):

> I want to thank both the counsel for your briefs and the quality of your argument. I don't know how you came to pick Mr. Foster [defense counsel], Mr. Freund, but you picked pretty well and he's presented a very good argument on you behalf . . . . This makes for an interesting case and creates much more difficult issues than it might otherwise. So, I'll see you in the morning and I hope you will bear with my brief delay here, but I feel better if I take advantage of my prerogative and do that.

even potentially not mentally competent to give important relevant advice upon the issue of mitigation that eventually led directly to Defendant's guilty plea." Had trial counsel known about Dr. Ryan's allegedly "potential incompetence," the greater "reasonable probability" is that counsel would have hired another expert instead of Dr. Ryan, not that Freund would have not pleaded guilty. As a consequence, Freund cannot prove the prejudice that *Strickland* requires.[2]

Freund fails to meet the second part of *Alikhani*'s test. Freund asserts neither a jurisdictional challenge nor an allegation of a possible prejudicial impact on trial strategy that is anymore than speculation. In short, Freund fails to prove an error of fact that was of the most fundamental character and rendered the proceeding irregular and invalid, as *Alikhani* requires.

Accordingly, Freund's petition (Doc. 102) is **DENIED**.

ORDERED in Tampa, Florida, on August 1, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[2] The strength of the prosecution's case dispels any hint of innocence. Even now Freund asserts no basis for a defense of innocence.